**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHADDRICK DARRION ASHLEY** | ) | |
| **ID # 48415-177,** | ) | |
| Movant, | ) | |
| vs. | ) | No. 3:16-CV-2408-M-BH |
| | ) | No. 3:14-CR-0255-M |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions and recommendation. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow an order of the court.

**I. BACKGROUND**

The movant, an inmate currently incarcerated in the United States Bureau of Prisons, filed a motion for authorization to file a successive motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence in the United States Court of Appeals for the Fifth Circuit. (*See* doc. 1.) By order dated August 17, 2016, the Fifth Circuit noted that he had not filed an initial § 2255 motion and therefore did not need authorization to file a successive motion, and it denied his motion as unnecessary. *Id.* It directed the transfer of his motion to the district court to be filed as a § 2255 motion, effective the date his motion was received in the Fifth Circuit. *Id.* The motion was received in the district court on August 18, 2016, and docketed as having been received on June 27, 2016.

On August 19, 2016, the Court issued a *Notice of Deficiency and Order* (NOD) notifying the movant that his motion did not state any grounds for relief or facts supporting each ground. (*See* doc. 5.) It ordered him to submit a properly completed motion within 30 days and specifically warned that failure to do so could result in dismissal of his case. Copies of the appropriate form

for a § 2255 motion as well as a copy of the motion he had filed in the Fifth Circuit were attached to the order. More than 30 days from the date of the Court's order have passed, but the movant has not submitted a properly completed § 2255 motion or filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The movant was given 30 days to submit a properly completed § 2255 motion, and he was specifically warned that failure to do so could result in dismissal of this action. More than 30 days from the date of the order have passed, but he still has not complied with or otherwise responded to it.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow an order of the court, unless the movant submits a properly completed § 2255 motion within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 11th day of October, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE